People of the State of Illinois, Appellee, v. Richard D.
Lowe, Appellant.

Gen. No. 49,637.

First District, Fourth Division.

July 21, 1965.

Gerald W. Getty, Public Defender of Cook County,
of Chicago (James J. Doherty and Frederick F. Cohn,
Assistant Public Defenders, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and William J. Nellis, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

The defendant, Richard D. Lowe, was tried before a court and jury on an indictment charging him with the crime of burglary. The jury found the defendant guilty and he was sentenced to the penitentiary for not less than two nor more than four years. No question is raised with reference to his guilt or innocence; the only question before us is whether or not the trial court erred in denying a petition filed by the defendant for his discharge. The petition is as follows:

Now comes RICHARD LOWE, by his counsel, GERALD W. GETTY, Public Defender of Cook County, Illinois, by JAMES J. DOHERTY, Assistant Public Defender, and petitions this Court to forth [sic] dismiss the above entitled cause with prejudice and discharge him pursuant to the provisions of the Sixth Amendment, U. S. Constitution, Article 2 Section 9, Illinois Constitution and any and all implementing statutes, in support whereof he says:

1. On June 4, 1962, he was arrested and charged with the within charge of burglary.

2. On June 11, 1962, he appeared before the Honorable Walter J. Kowalski, Judge of Narcotics Court branch of Municipal Court of Chicago, Illinois, on the within charge of burglary and an additional charge known as "State Addict."

3. He requested representation by counsel but said request was not granted.

4. After a hearing was held the Court said:

"THE COURT: At this time I will show no probable cause on the burglary, and I think that it requires further investigation. On the addict, there is a finding of guilty. Six months in the County Jail."

(Which were all the proceedings had this date.)

5. Petitioner served the entire sentence, and thereafter left the jurisdiction.

6. In May 1963, the petitioner was extradited from New York and the within charges were returned in an Indictment No. 63–2343, on September 10, 1963.

7. Petitioner verily believes and therefore states the fact to be that his incarceration for six months in the County Jail on a "State Addict" charge was a subterfuge and a nullity; that its true purpose was to permit the prosecuting authorities to further investigate the burglary charge.

8. He was held in custody in excess of 120 days from the time of his arrest on the within charge of burglary.

Wherefore, petitioner prays that he be set at liberty instanter.

The defendant in this court argues that the ruling of the court violated his constitutional rights. The constitutional provision relied on is Article II, Section 9, which provides "In all criminal prosecutions the accused shall have the right to . . . a speedy public trial. . . ." It must be noted that that section of the Constitution commences with *"In all criminal prosecutions."*

In People v. Schmagien, 361 Ill 371, 198 NE 142, the court states that the constitutional provision for a

speedy trial is mandatory. Legislative enactments defining and giving force to the provision have always been upheld by the court. In People v. Kidd, 357 Ill 133, 191 NE 244, the court said:

"When the cause upon the assault charge was stricken from the docket no bail was required of the defendants. When it was re-docketed bail was fixed and a *capias* ordered to issue. The defendants were not in custody from the time they were acquitted of robbery until the *capias* on the assault charge was issued and served. In Guthmann v. People, 203 Ill 260, we held that, in harmony with the constitutional provision for speedy trial, the statutory period fixed for discharge of a prisoner who has not been tried runs from the date of commitment by a magistrate and not from the date of the indictment. The decision in that case is based upon the doctrine that the evil intended to be prevented is wrongful incarceration rather than wrongful accusation. The right to a speedy trial means the right to have speedily heard the charge upon which the accused is detained, and that this constitutional provision is based on the right of an individual to be at liberty. (People v. Klinger, 319 Ill 275.) Inasmuch as the defendants were not detained until the *capias* was issued their right to a speedy trial was not invaded."

Again, in People v. Utterback, 385 Ill 239, 52 NE2d 775, the Supreme Court states that the General Assembly interpreted the requirement for a speedy trial by passing the "Four Term Act." In most jurisdictions where there are constitutional provisions similar to ours the State legislature has passed statutes explaining what is meant by constitutional provision for a speedy trial. Comments, 24 Illinois Bar Journal 195 (1936).

In this court the defendant also relies on Ill Rev Stats 1963, c 38, § 103–5(e), which provides as follows:

"While any person is incarcerated in this State on sentence for any offense, if there is pending against him in the same county in which he was convicted one or more additional charges of another offense he shall be tried on such charge or charges within 120 days from the date of his incarceration or such untried causes shall be barred for want of prosecution unless delay is occasioned by the defendant, by a competency hearing, or by an interlocutory appeal; . . ."

In both the constitutional provision and the statute explaining and implementing it, the crucial point is that there be a charge pending against the incarcerated defendant. In the case at bar this was not so. The defendant was charged with burglary and at the preliminary hearing the court stated that there was not sufficient evidence to hold the defendant to the grand jury on the burglary charge, and that charge was dismissed. However, the court tried the defendant on a narcotics charge and sentenced him to six months in the County Jail. After the sentence was served the defendant left the State, went to New York, was subsequently indicted by a grand jury in Cook County, Illinois, on the burglary charge and extradited from New York. The trial and conviction for burglary followed.

In our opinion, the question before us is an interpretation of the statute. This statute grants no relief to the defendant unless a charge was pending against him in the county in which he was convicted. The whole purpose of both the constitutional provision and the statute, as we have pointed out, is to prevent a defendant from being kept in jail at the whim of a

prosecutor without having him tried on a pending indictment or information.

Defendant relies on People v. Bryarly, 23 Ill2d 313, 178 NE2d 326. As a matter of fact, that case supports the State's position. It is not applicable here since in that case there was a pending indictment. The constitutional guarantee of a speedy trial is implemented directly by two statutory provisions. The first (Ill Rev Stats 1959 c 38, § 748) provides that a person who is committed for an offense and is not admitted to bail must be tried within four months of his commitment. The second statute is the one to which we have previously referred.

■ The defendant's petition alleges that the petitioner believes that his incarceration in the County Jail "was a subterfuge and a nullity; that its true purpose was to permit the prosecuting authorities to further investigate the burglary charge." There was no duty imposed upon the State to formally answer this allegation which states no facts but is only a conclusion of the pleader. No proof was offered by the defendant in support thereof. However, the facts in the case; to wit, the completion of the sentence in the County Jail, the departure of the defendant for the State of New York, all before an indictment was rendered against him in Cook County, would of themselves be sufficient for the court to refuse to accept this argument.

In People v. Arbuckle, 31 Ill2d 163, 201 NE2d 102, the defendant was found guilty of the offenses of escape and aiding escape, and sentenced to the penitentiary. The indictment charged that the defendant, while a prisoner in the county jail, escaped after he had been convicted of the crime of rape and was awaiting the sentence of the circuit court of the county. The defendant escaped from the jail on February 20, 1958, was recaptured the following day and immediately

sentenced to the penitentiary on the conviction of rape. He was not indicted or held under the charge of escape until he was indicted by the grand jury in April 1958, and he was tried on such charges on June 23, 1958 (more than 120 days after his arrest and sentence following the escape). The court said:

> "The fact that defendant was previously committed for a separate and distinct crime is immaterial. Under these circumstances and having been tried little more than two months after his indictments for escape and aiding escape, he was obviously not deprived of his constitutional and statutory right to a speedy trial. . . ."

The court therefore concluded that on a direct appeal to the Supreme Court the defendant had raised no "fairly debatable constitutional issue" and the case was transferred to the Appellate Court.

The judgment of the Criminal Division of the Circuit Court of Cook County is affirmed.

Affirmed.

DRUCKER and ENGLISH, JJ., concur.