(No. 39959.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.*
ROBERT L. FOSDICK, Appellee.

*Opinion filed January 19, 1967.—Rehearing denied March 27, 1967.*

JOHN J. BRESEE, State's Attorney, of Urbana, for the People.

ROBERT T. TRIMPE, Public Defender, of Champaign, for appellee.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

The defendant, Robert L. Fosdick, was convicted of rape in a bench trial in the circuit court of Champaign County and sentenced to a term of six to twenty years in the penitentiary, the sentence to run concurrently with another sentence imposed in DeWitt County. Defendant appealed to the appellate court which reversed the conviction solely on the ground that the indictment for rape should have been dismissed because the defendant was not placed on·trial within 120 days from the time of his arrest in accordance with section 103—5 of the Code of Criminal Procedure. (Ill. Rev. Stat. 1963, chap. 38, section 103—5; 68 Ill. App.2d 184.) Because the judgment of the appellate court was in effect an order granting the defendant's motion to dismiss the indictment, we have granted the State leave to appeal. *People* v. *Blanchett,* 33 Ill.2d 527.

This appeal presents no question as to the guilt or innocence of the defendant, but only the question of whether the appellate court erred in reversing the conviction by miscomprehending the date upon which defendant was taken into custody within the meaning of section 103—5. Alternatively, the State contends that even if the appellate court did correctly determine the date, defendant's own actions caused a delay which prevented him from being tried within the statutory 120-day period.

Section 103—5, hereafter referred to as the 120-day rule, provides in subsection (a) that "Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date

he was taken into custody unless delay is occasioned by the defendant, by a competency hearing, or by an interlocutory appeal." Subsection (d) of this section goes on to provide that "[E]very person not tried in accordance with subsections (a), * * * of this Section shall be discharged from custody * * *."

A determination of the issues presented in this case necessitates a chronological review of the events relating to defendant's custody and trial. The offense here charged was committed on December 20, 1963. On January 7, 1964, a criminal complaint charging defendant with the offense was filed in the circuit court of Champaign County. Subsequent to this date defendant was arrested in DeWitt County, Illinois, on other charges, and on February 16, 1964, he escaped from the DeWitt County authorities. A Federal Fugitive From Justice warrant was requested and obtained by De-Witt County and on March 11, 1964, the defendant was apprehended by agents of the Federal Bureau of Investigation and arrested on the Federal warrant in Champaign County. The record indicates that pending his return to DeWitt County, defendant was lodged in the Champaign County jail which was the closest Federally approved jail.

On March 12, 1964, the day following his apprehension on the Federal warrant and before he was returned to De-Witt County, the defendant was arrested on the Champaign County warrant, taken before a magistrate in Champaign County and served with a copy of the complaint charging him with rape. At this time the public defender was appointed to represent him. On the next day, March 13, 1964, the January 7th complaint against defendant Fosdick was dismissed and on the same day another complaint was filed alleging the same charge based upon the same conduct. Another warrant was likewise issued that day but was not served on the defendant, who was returned to DeWitt County on March 13 and there tried and convicted of other

charges and sentenced to the Illinois State Penitentiary. He was there incarcerated on April 21, 1964.

A few days after the defendant was surrendered to the DeWitt County authorities on March 13, 1964, a detainer or hold-order was placed with the DeWitt County authorities and the record establishes that this detainer followed the defendant to the penitentiary. Thereafter on April 7, 1964, the grand jury of Champaign County returned an indictment against the defendant charging him with the same offense as charged in the preceding two complaints and a third warrant was issued for the arrest of the defendant but was not served on him. On June 22, 1964, the defendant was returned from the penitentiary to Champaign County pursuant to a writ of *habeas corpus ad prosequendum* obtained on June 7, arraigned, and remanded to the custody of the sheriff of Champaign County to await trial which had been set for July 6, 1964. The public defender was again appointed to represent the defendant.

For reasons not made clear in the record, the defendant was not tried on July 6, but the record does show that on July 9, 1964, the defendant appeared in court and waived a jury trial. Pursuant to defendant's waiver a bench trial was set for July 15, but on July 14, 1964, the defendant filed a motion to dismiss the indictment on the grounds that he had not been tried within 120 days from the time he was taken into custody as provided by statute. An answer to the motion was filed together with supporting affidavits, and, after a hearing on August 6, 1964, the motion was denied. The case ultimately was tried on September 30, 1964.

The appellate court, in reversing defendant's conviction, held that the defendant was in custody in this State from March 11, 1964, the day on which he was apprehended by the F.B.I., until July 14, 1964, the day on which defendant presented his motion to dismiss, a total of 126 days.

The State argues that defendant was not within the

custody of Champaign County for the offense of rape within the meaning of section 103.5 until June 22, 1964, when he was returned to Champaign County from the penitentiary. On the record before us we do not believe this contention is sound. While defendant was apprehended on the Federal warrant, the record is clear that on March 12, 1964, he was served with the Champaign warrant, and must be considered in custody on that charge as well.

It appears that thereafter there was a dispute between Champaign authorities and DeWitt authorities and the F.B.I. as to who should have custody of the defendant. Regardless of the nature of this dispute, it appears that Champaign County voluntarily dismissed its charges so that defendant could be returned for trial in DeWitt County. Immediately thereafter it filed new but identical charges against defendant.

We do not believe that such a voluntary dismissal on motion of the State, and without notice to defendant, can be used to evade the provisions of the 120-day rule. Section 103—5 and its predecessors, (Ill. Rev. Stat. 1963, chap. 38, pars. 633.1, 748,) implement the substantial right to a speedy trial guaranteed by section 9 of article II of the Illinois constitution. (*People* v. *Morris,* 3 Ill.2d 437.) As such it must be liberally construed and its salutary provisions cannot be frittered away by technical evasions. (*People* v. *House,* 10 Ill.2d 556.) Neither the dismissal and refiling of the same charge, (*cf. People* v. *Patheal,* 27 Ill.2d 269; *People ex rel. Nagel* v. *Heider,* 225 Ill. 347,) nor the voluntary relinquishment of custody to DeWitt County, (*cf. People* v. *Swartz,* 21 Ill.2d 277), can deny defendant his right to a speedy trial. It is clear in this case that defendant's removal to DeWitt County did not prevent his trial in Champaign County within 120 days of his original incarceration.

We must next consider if the delay in the trial was "occasioned by the defendant." In determining this ques-

tion, the criterion in each case is whether the defendant's acts in fact caused or contributed to the delay. In the varied fact situations that involve the 120-day rule, we have carefully examined the facts to prevent a "mockery of justice" either by technical evasion of the right to speedy trial by the State, or by a discharge of a defendant by a delay in fact caused by him. *People* v. *Bagato*, 27 Ill.2d 165.

In this case extensive affidavits were filed and testimony taken on the motion for discharge. While it appears from the record that the State's Attorney was under the impression that the defendant would not be ready for trial the week of July 6, we cannot find that such a lack of preparedness, if it existed, occasioned the delay. It does appear, however, that the case was allotted for jury trial on July 6, and that this was during the regular two-week jury call. There is also evidence that there was an understanding that defendant would appear in court on July 9. On July 9 the defendant appeared in open court and filed a waiver of jury trial.

The State then asked that the case be set for a bench trial. The public defender, representing defendant, testified that at that time he informed the assistant State's Attorney that "because I had other matters pending in other courts and at the office, to set the case and notify me." He further testified that prior to July 9 he "may have informed the State's Attorney we would waive jury, in which event it would not be necessary for the witnesses to be there."

The assistant State's Attorney thereupon consulted another judge and had the case allotted for bench trial on July 15. While the record shows that the trial allotment on July 15 was on motion of the State's Attorney it does not indicate that the State sought a continuance. For all that appears the State and the trial court were prepared to commence a jury trial on July 9, and in the absence of the waiver of jury the trial would have commenced.

We are convinced that there is ample evidence to permit

the trial court to find that the delay in the trial was occasioned by the defendant. While ordinarily a waiver of jury would expedite rather than delay trial, this is not true where the waiver is filed on the last day of the 120-day period and the case is allotted on the jury call. While we will not permit the State to evade the right to a speedy trial, neither will we permit a defendant to evade prosecution by creating a delay. *People* v. *Iasello*, 410 Ill. 252.

We further believe that the testimony on the motion for discharge indicates an acquiescence on the part of counsel for defendant on July 9 to a new setting at an early date consistent with the business of the court. *People* v. *Williams*, 403 Ill. 429.

In the present case we feel the State has done all in its power to provide a speedy trial and neither the constitutional nor statutory rights of defendant have been violated. The trial court was correct in denying the motion for discharge.

The judgment of the appellate court is reversed and the judgment of the circuit court of Champaign County is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*