(No. 40416.—)

The People of the State of Illinois, Appellee, vs. Hinda Baskin, Appellant.

*Opinion filed September 29, 1967.*

Ward, J., took no part.

J. Edward Jones, of Blue Island, appointed by the court, for appellant.

William G. Clark, Attorney General, of Springfield, and John J. Stamos, State's Attorney, of Chicago, (Fred G. Leach, Assistant Attorney General, and Elmer C. Kissane and David B. Selig, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Klingbiel delivered the opinion of the court:

A complaint was filed in the first municipal district of the circuit court of Cook County, on May 12, 1966, charging the defendant, Hinda Baskin, with the crime of theft of property of the value of $5 from Walgreen Drug Company. On the same date the defendant demanded a trial by jury and posted a bond. On May 26, the date to which the cause had been continued, the defendant did not appear and an order was entered forfeiting the bond and a warrant was issued for her arrest. On June 8 the defendant appeared and filed a new bond and the previous bond forfeiture was set aside. The cause was set for trial on July 20. On that date the cause was continued until August 3 on motion of the defendant. It was thereafter continued twice by order of court and set for trial on October 6. On that date the representative from the drug store did not appear and the State requested that the cause be stricken with leave to reinstate. The defendant's counsel objected stating that the defendant demanded trial and wanted her name cleared. Over the objection of the defendant the court allowed the prosecutor's motion. The defendant thereafter filed a motion to vacate the order, claiming that the order striking the case with leave to reinstate over the objection of her counsel and her demand for jury trial violated the defendant's right to a speedy trial guaranteed by the United States constitution and the constitution of the State of Illinois. The court denied the motion and defendant has appealed directly to this court. A substantial constitutional question is presented.

The defendant's claim is based principally upon *Klopfer* v. *North Carolina,* 386 U.S. 213, 18 L. Ed. 2d 1, 87 S. Ct. 988. In that case the defendant was indicted for the crime of criminal trespass. Trial commenced shortly after the indictment was returned but the jury was unable to reach a verdict and a mistrial was declared and the cause was continued. About a year later the prosecutor informed the defendant that he intended to have a *nolle prosequi* with leave entered. The effect of such an order under North Carolina

law is to leave the indictment pending with implied consent for the prosecutor to reinstate it at any time for trial. The defendant opposed the entry of such an order and the prosecutor made a motion to continue the cause for another term, which motion was granted. At the next term the cause was not listed for trial on the calendar and the defendant filed a motion asking the court to inquire into the status of the charge to ascertain the intention of the State in regard to trial, and to have the charge permanently concluded as soon as was reasonably possible. When this motion was brought before the court the prosecutor moved for leave to take a *nolle prosequi* with leave, and over defendant's objection the court granted the motion.

The Supreme Court of North Carolina affirmed, holding that a defendant had no right to compel the State to prosecute him if the prosecutor elected to take a *nolle prosequi* but the Supreme Court of the United States reversed. The court held that the right to a speedy trial guaranteed by the sixth amendment to the United States constitution was applicable to State court prosecutions and held that the State procedure violated that right. The court stated that the conclusion of the North Carolina Supreme Court that the right to a speedy trial does not afford affirmative protection against an unjustified postponement of trial for an accused discharged from custody had been explicitly rejected by every other State court which had considered the question. The defendant claims that the *Klopfer* case requires reversal of the judgment here on the ground that the order striking the indictment with leave to reinstate was identical with the practice condemned in *Klopfer*. We are unable to agree.

We do not read the opinion of the United States Supreme Court as a blanket condemnation of all State court procedures permitting the striking of an indictment with leave to reinstate. In that case trial had already been delayed for about 18 months over defendant's objection and

the North Carolina practice permitted a stricken indictment to remain pending for an indefinite length of time with the possibility of its reinstatement hanging over the head of the defendant. In effect, the opinion does not fault the procedure permitting a *nolle prosequi* with leave to reinstate if such leave is for a definite and reasonable time. Rather, it criticizes the extraordinary procedure in North Carolina under which a defendant indicted for a misdemeanor may be denied an opportunity to exonerate himself in the discretion of the solicitor and held subject to trial, over his objection throughout the unlimited period in which the solicitor may restore the case to the calendar, and, during which period, there is no means by which he can obtain a dismissal or have the case restored to the calendar for trial.

In this State the constitutional right to a speedy trial has been implemented by statute. (Ill. Rev. Stat. 1965, chap. 38, par. 103—5.) Our statute provides that persons on bail shall be tried within 120 days from the date the defendant demands trial unless the delay is occasioned by the defendant. In *People* v. *Stuckey,* 34 Ill.2d 521, in discussing the relation between the constitutional and statutory provisions we noted that the statute was designed to implement the right to a speedy trial and that as a practical matter the statute operates to prevent the constitutional question from arising except in cases involving prolonged delay or unusual circumstances. In other words, the constitution protects only against arbitrary and oppressive delays, and so long as a defendant is tried within 120 days of demand for trial he has not been deprived of his right to a speedy trial. The applicability of the statute in a case involving the striking of an indictment with leave to reinstate was discussed in *People* v. *Nelson,* 25 Ill.2d 38. There the State moved to strike with leave to reinstate and the defendant did not object. The indictment was reinstated about 3 years later

and the defendant moved for discharge under the statute. The State contended that the defendant waived his right to a speedy trial by failing to object to the entry of the order striking the indictment but we held that there was no such waiver, pointing out that the defendant may have thought that reinstatement, if the State intended to prosecute at all, would be requested within the period provided by the statute.

In the present case the defendant was at liberty on bond at all times subsequent to the filing of the complaint. The original request for a jury trial cannot be considered as a demand for immediate trial, but only a demand that when trial was held it would be before a jury. The first demand for trial was made on October 6 at the time the indictment was stricken, and there was no denial of a speedy trial up to that point. Had the prosecutor requested a continuance on October 6 the defendant would have been in no position to claim that her right to a speedy trial had been violated and the effect of striking the indictment with leave to reinstate had no more prejudicial effect than a continuance. In either case, the defendant was entitled to trial within 120 days. If this appeal had not intervened and the State had not obtained leave to reinstate the indictment within 120 days, the defendant would have been entitled to discharge. (*Cf. People* v. *Nelson,* 25 Ill.2d 38.) However, the taking of the appeal suspended the operation of the statute. From the time the notice of appeal was filed the trial court lost jurisdiction to proceed and the complaint could not be reinstated while the appeal was pending. The State will therefore have 120 days after the mandate of this court is filed in the trial court within which to reinstate the cause.

For the reasons expressed herein we are of the opinion that the entry of the order striking the complaint with leave to reinstate at the same time that the defendant demanded trial did not violate her constitutional right to a speedy trial.

146

The judgment of the circuit court of Cook County, municipal district, is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.