Village of Midlothian, Plaintiff-Appellee, v. Loren Walling, Defendant-Appellant.

Gen. No. 52,698.

First District, Fourth Division.

December 31, 1969.

Henry A. Gentile, of Blue Island, for appellant.

John R. Sullivan, of Chicago, for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

Defendant's notice of appeal declares that he is appealing from two orders of the Circuit Court entered July 24, 1967, following a bench trial, wherein the court "denied the motion of the defendant to dismiss" and found defendant "guilty of driving under the influence of alcoholic liquor" in violation of a village ordinance; and from action of the court on August 22, 1967, denying a "hearing to correct the record" and denying a "hearing on a motion in arrest of judgment."

The facts which form the basis of the charges are not at issue on this appeal, so we will refer to them only briefly. A witness, injured in the occurrence, testified at trial that she was in a car stopped at a railroad crossing in Midlothian at approximately 3:50 a. m., on February 5, 1967. She saw defendant approaching her at a high rate of speed, cross over the center line of the road, smash through the railroad crossing gates, which were down with lights flashing and bells ringing, and crash head-on into the front of her car. Defendant was charged with five traffic ordinance violations.

The first hearing was set for February 24, 1967. Plaintiff was granted a continuance at that time to March 31. On that date, the record shows that "on motion of the defendant" the cause was postponed to May 26. After another continuance, the case was called for trial on June 23, at which time defendant requested a jury, so the case was transferred to jury court for trial on July 24. On that date, defendant waived the jury he had requested at the previous session, and filed a written motion to dismiss the complaints on the ground that "the alleged offense took place on February 5, 1967, which is a date more than 120 days prior to this date and the delay was not occasioned by the defendant," in violation of Ill Rev Stats 1965, c 38, § 103–5. The motion was denied.

After trial without jury, defendant was found guilty of violation of the ordinance prohibiting driving while under the influence of alcohol, and was fined $200 and costs.

On August 14, 1967, defendant presented a written motion to amend the portion of the record showing that on March 31, 1967, defendant had requested a continuance. Defendant asked the court to enter an order nunc pro tunc as of March 31, 1967, to show that the continuance had been granted at the request of the plaintiff. The court denied the motion on August 22, 1967. After

several continuances, an oral motion by defendant for a new trial was denied on September 8, 1967.

█ Defendant first contends that the trial court erroneously failed to hear a written "motion in arrest of judgment" on August 22, 1967. The record includes a report of proceedings before the court on that day, and on that day only. It reflects that the only motion argued by defendant's attorney was the one to "correct the record." Nor does the common law record indicate that any such written motion in arrest of judgment was ever filed. We must rely upon the record "which imports verity and is unimpeachable evidence of the proceedings in the lower court." People v. Clark, 30 Ill2d 67, 73, 195 NE2d 157. See, also, People v. Day, 404 Ill 268, 271, 88 NE2d 727; and People v. Berkowski, 385 Ill 392, 393–394, 52 NE2d 710.

██ Defendant's next contention is that the "trial court lacked jurisdiction to hear the matter because the ordinance upon which the conviction was based is invalid." Defendant raises this issue for the first time on appeal. Nowhere in the record is there any indication that the validity of the ordinance was challenged. The validity of a statute or ordinance cannot be raised for the first time on appeal and be considered by the reviewing court. People ex rel. White v. Busenhart, 29 Ill2d 156, 163, 193 NE2d 850; City of Kewanee v. Puskar, 308 Ill 167, 139 NE 60.

█ Defendant also contends that since more than 120 days had elapsed from the time he was taken into custody until the date of trial, he should be discharged from prosecution pursuant to the pertinent section of the Code of Criminal Procedure. Ill·Rev Stats 1965, c 38, § 103–5. There is no question but that 120 days had elapsed, but defendant's contention is wholly without merit when the statute is applied to the facts of the instant case. The applicable portions of the statute provide as follows:

(a) Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant, by a competency hearing, or by an interlocutory appeal.

(b) Every person on bail or recognizance shall be tried by the court having jurisdiction within 120 days from the date defendant demands trial unless delay is occasioned by the defendant, by a competency hearing, or by an interlocutory appeal.

(c) If the court determines that the State has exercised without success due diligence to obtain evidence material to the case and that there are reasonable grounds to believe that such evidence may be obtained at a later day the court may continue the cause on application of the State for not more than an additional 60 days.

The record conclusively shows that defendant is not entitled to discharge under subsection (a), because he was not in custody, having been at large on bail the whole time. Nor was he entitled to discharge under subsection (b), because the record shows that the continuance from March 31 to May 26 was granted on his motion. The cases hold that in this circumstance, the 120-day period then commences to run from the continued date. E. g., People v. Rogers, 26 Ill2d 599, 188 NE2d 22. While it is true that defendant made a motion to correct the record by showing the March 31 continuance to have been granted on motion of the prosecution rather than the defendant, the judge, in denying the motion, recalled the occasion and stated that the record as written was consistent with his recollection. See the Clark, Day, and Berkowski cases cited above, which are applicable here, also, as to the verity of the record.

██ Further, as to subsection (b), there is nothing in the record to indicate that defendant ever demanded

trial. Such demand must be communicated "preferably by written notice, but certainly by a formal motion which is preserved in the record." See People v. Rockett, 85 Ill App2d 24, 28, 228 NE2d 219.

■ Subsection (c) permits the court to exercise its discretion in granting a continuance to the prosecution, enlarging the 120-day period by as much as 60 days. While the common-law record contains no order of this nature in connection with the continuances which were granted on motion of the prosecution, the report of proceedings discloses that the judge very definitely had granted such additional time on account of the physical incapacity of the witness who had been injured as a result of defendant's alleged conduct. We do not consider this to have been an abuse of the court's discretion. And, in the absence of such an abuse, we will not disturb this action of the trial court. People v. Taylor, 82 Ill App2d 5, 226 NE2d 693.

■ We also have serious doubt, in any event, as to the applicability of the 120-day statute to cases involving ordinance violations. It will be noted that in subsection (c) the prosecution is referred to only as "the State," and there is no specific reference in any part of the section to a municipal ordinance prosecution, which, of course, is a civil rather than a criminal procedure. The 1969 legislature made this clear by amending section 102–15 to exclude ordinance violations from the definition of "offense." Ill Rev Stats 1969, c 38, § 102–15. See Village of Park Forest v. Nicklas, 103 Ill App2d 99, 243 NE2d 421.

Accordingly, the judgment of the Circuit Court is affirmed.

Affirmed.

DRUCKER, P. J. and STAMOS, J., concur.