(No. 44535.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. JOSEPH McADRIAN, Appellee.

*Opinion filed September 20, 1972.*

EDWARD V. HANRAHAN, State's Attorney, of Chicago (ROBERT A. NOVELLE and HENRY A. HAUSER, of counsel), for the People.

GERALD W. GETTY, Public Defender, of Chicago (SHELVIN SINGER and JAMES J. DOHERTY, Assistant Public Defenders, and DENNIS R. TORII, Senior Law Student, of counsel), for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court:

In this case we are asked to determine the propriety of the judgment of the trial and appellate courts on the issues of the application of the 120-day statute (Ill.Rev.Stat. 1967, ch. 38, par. 103—5(b)), and the waiver by the State of its contention that the May 7 discharge of the defendant for want of probable cause tolled the statute and that it did not begin to run again until the date of his commitment after he was subsequently re-indicted.

The defendant was discharged in the circuit court of Cook County for not having been tried within 120 days after he demanded trial. The State appealed under the provisions of Supreme Court Rule 604(a) (Ill.Rev.Stat. 1971, ch. 110A, par. 604(a)), and the appellate court affirmed the judgment of the trial court (273 N.E.2d 273—abstract opinion). We allowed the petition for leave to appeal.

The State contends that the defendant should not have been discharged under the facts of this case because the 120-day period had not run. Its position is based upon

the following facts: the defendant was arrested for theft and, while free on bond, made a demand for trial on March 5, 1968; thereafter, on May 7, 1968, he was discharged at a preliminary hearing for "no probable cause"; on May 23, 1968, he was re-indicted for the same charge; and after many continuances, he was discharged on July 8, 1969. The State here urges that the discharge in May for "no probable cause" tolled the 120-day statute, and in order for the statute to again commence to run, the defendant had to make a new demand for trial after he was re-indicted.

The appellate court held that the State had waived its right on appeal to raise this contention. It found that the trial court, after an extensive evidentiary hearing, determined that proper demand for trial was made on March 5, 1968; and that the defendant was therefore entitled to discharge under the 120-day rule. It held that the State could not adopt a new theory on appeal—that the May 7 discharge for lack of probable cause tolled the statute and thus the defendant was improperly discharged. Under the circumstances of the case, we agree.

When the motion for discharge—based upon the 120-day rule—was presented to the trial court, the only issue raised by the State was whether an oral demand for trial, in fact, had been made to another judge, and whether a certain continuance was at the request of the defendant or the State. After an extended hearing and testimony of several witnesses, the trial court found that such a demand had been made, and that the continuance was requested by the State; and it ordered the defendant discharged.

At the beginning of the hearing on the defendant's motion for discharge, defense counsel argued that once a demand for trial is made, the cause cannot be dismissed and the defendant later re-indicted to thus avoid his right to a speedy trial. The State's attorney then stated that this point was not reached in this case.

After colloquy between defense counsel and the court

concerning the effect of the 120-day statute under hypothetical situations—where a charge is dropped, or inadequate evidence is presented at a preliminary hearing, and at a later date the defendant is re-indicted for the same crime—the State's attorney said:

"Well, the Court raises an interesting point which to my knowledge has not been decided. That is the problem in the Fourth Term policy, that charges should not be held over a person's head once a demand is made, the term should then run.

However, there is a case in Illinois which held that a demand for trial on a case which is SOL'd, the term will run *but in any event in this case no demand was made and we will stand on the record which I have presented to the Court, that no demand was made. So we never reached a point of when the term began to run. It never did run.*

If it ran, it would have—the demand would have had to have been made on March 5th in order for the term to have run at any point in this case." (Emphasis added.)

After the hearing and the court's indication to counsel that the evidence overwhelmingly showed that the defendant had made a demand for trial on March 5, the State persisted in arguing, as the only issue before the court, that such demand had not been made. Its written brief to the trial court did not raise the issue of the effect of the defendant's May 7 discharge at the preliminary hearing for want of probable cause, and his later re-indictment.

It is an accepted principle of law that an issue not presented to or considered by the trial court cannot be raised by the appellant for the first time on review. (*City of Chicago v. Joyce (1967), 38 Ill.2d 368, 372; Benson v. Isaacs (1961), 22 Ill.2d 606, 610.*) However, this rule has not been universally applied. There are matters and rights so fundamental that they must be considered, whenever initially raised. (*People v. Burson (1957), 11 Ill.2d 360, 370, 371; Belfield v. Coop (1956), 8 Ill.2d 293, 312, 313.*) But the rule is founded on some rather basic considerations, which include the following: that litigation should not be presented piecemeal; and that all parties are entitled

to have matters determined as quickly as possible and at one trial, if possible. The latter consideration is particularly true of a defendant in a criminal action. Also, the trial court should be given an opportunity to consider the issues or theories which the appellant, on review, assigns as error in its judgment. The failure to urge a particular theory before the trial court will often cause the opposing party to refrain from presenting available pertinent rebuttal evidence on such theory, which evidence could have a positive bearing on the disposition of the case in both the trial and reviewing courts.

The doctrine of waiver has been applied to defendants in criminal cases where the applicability of the 120-day statute is urged for the first time on appeal. (*People v. Kuczynski (1965), 33 Ill.2d 412, 413; People v. Taylor (1965), 32 Ill.2d 165, 168.*) Such waiver has been held applicable to the State as well as to a defendant. (*People v. Washington (1967), 38 Ill.2d 446, 449.*) Waiver is particularly pertinent where the conduct of a party before the trial court induced the court to rule as it did. *People v. Dixon (1967), 37 Ill.2d 416, 419; People v. Thigpen (1966), 33 Ill.2d 595, 598.*

In the case at bar, the State acquiesced in the trial court's assumption that if a demand for trial was made on March 5, 1968, then the statutory period began to run on that date. It tried the case in the trial court on the theory that the defendant had not made an oral demand for trial and submitted a trial brief on that theory.

The State suggests that we should consider its new theory on appeal under Supreme Court Rule 615(a) (Ill.Rev.Stat. 1971, ch. 110A, par. 615(a)), which provides:

> "(a) *Insubstantial and Substantial Errors on Appeal.* Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court."

This rule is permissive. It lies within the discretion of the reviewing court to consider an alleged error not raised or brought to the attention of the trial court even if it affects substantial rights. *People v. Le May (1966), 35 Ill.2d 208, 212.*

The record in this case does not adequately set forth the facts and circumstances attendant upon the discharge of the defendant under the original complaint and his subsequent reindictment. We have held that the 120-day rule implements a constitutional right to a speedy trial and that its purpose should not be avoided by technical evasions, such as by dismissing and refiling the same charge. (*People v. Fosdick (1967), 36 Ill.2d 524, 528.*) Under certain circumstances, this court has held that the statutory term began to run on the date of a subsequent commitment after the earlier identical charge had been dismissed for want of prosecution. See *People v. Lindner (1914), 262 Ill. 223, 227.*

This suggests that the real issue, when a charge against a defendant is dismissed and he is later re-indicted on the same offense, may be whether the circumstances suggest that the State is seeking to evade the consequences of the 120-day rule, or whether the delay, in any event, would constitute a denial of the defendant's constitutional right to a speedy trial. The record in this case is inadequate for the determination of this issue.

The trial court did not err in holding that the 120-day period had run because of the demand for trial made on March 5, 1968. We believe that the State, by failure to raise the issue in the trial court, has waived any right to have the effect of the discharge and re-indictment of the defendant determined and considered on review. Thus, the judgment of the appellate court is affirmed.

*Judgment affirmed.*