THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JAMES S. O'SHEA, Defendant-Appellee.

(Nos. 59958-9 cons.;

First District (2nd Division)—February 25, 1975.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., Zenon Forowycz, and Barry Rand Elden, Assistant State's Attorneys, of counsel), for the People.

No appearance for appellee.

Mr. JUSTICE HAYES delivered the opinion of the court:

Two traffic citations were issued to James S. O'Shea (defendant) on October 6, 1972, by a City of Chicago police officer and he was admitted to bail the following day. On October 11, 1973, defendant filed a motion for discharge under the Four Term Act; the charges were subsequently dismissed and defendant discharged after a hearing on the motion. (Ill. Rev. Stat. 1973, ch. 38, par. 103—5(b).) The State appeals pursuant to Supreme Court Rule 604. Ill. Rev. Stat. 1973, ch. 110A, par. 604; *People v. Siglar*, 49 Ill.2d 491, 274 N.E.2d 65.

■■ Defendant has filed no brief on this appeal. There is authority that under such circumstances the judgment may be reversed pro forma, but the better view is that such cases be decided on their merits. See, *e.g.*, *People v. Jones*, 8 Ill.App.3d 849, 852, 291 N.E.2d 305.

The sole issue presented is whether the trial court properly sustained defendant's motion for discharge where the record fails to disclose a reasonable demand by defendant, while on bond, for an immediate trial.

Defendant was admitted to bond on October 7, 1972, and the matter was continued from time to time by order of court and upon motion of the State and the defendant until April 27, 1973, including a reassignment of the matter in December 1972 by reason of defendant's demand for a jury. The record discloses that on April 27, 1973, defendant appeared with counsel and the matter was again continued by Judge McCollum, on order of the court, to August 6, 1973; and that on the latter date the matter was again continued to October 11, 1973, on motion of the State.

On October 11, 1973, defendant filed a motion to correct the common-law record to reflect the alleged fact that on April 27, 1973, he had demanded trial; he also filed a motion for discharge on the ground that more than 160 days had elapsed since his demand for trial on April 27, 1973, without the State's having brought him to trial. Hearing was held before Judge Casey on the motion for discharge, at which defendant testified that on April 27, 1973, he had appeared before Judge Petrone and had asked for a jury trial and had stated he was *ready* for trial; and that he had spent that entire day in the presence of an assistant State's attorney stating that he was ready for trial and making a demand for trial. When defendant alleged that the State had a record of that demand in its file, the State searched its file and represented to Judge Casey that no such record of a demand could be found. Judge Casey thereupon sustained defendant's motion for discharge and dismissed the matter.

■■■ The Four Term Act provides, *inter alia,* that a defendant admitted to bail must be brought to trial within 160 days from the date that he demands trial. (Ill. Rev. Stat. 1973, ch. 38, par. 103—5(b).) A demand to the court is necessary to commence the running of the 160-day period, and it is imperative that such demand be of record; it is not enough that a defendant allege that the record fails to reflect such demand, since such allegation is self-serving and cannot override the verity of the record. (*People v. Rocket,* 85 Ill.App.2d 24, 228 N.E.2d 219.) As stated in *Village of Midlothian v. Walling,* 118 Ill.App.2d 358, 361, 255 N.E.2d 23, "We must rely upon the record 'which imports verity and is unimpeachable evidence of the proceedings in the lower court.'"

In the instant case, we have searched the record and we find no record of defendant's alleged demand to the court for trial; there is neither a half-sheet entry in the common-law record, nor any transcript of proceedings before Judge Petrone on April 27, 1973, nor even any bystander's report. The sole support for the making of this demand is defendant's sworn testimony at the hearing on his motion for a Fourth Term discharge. We do not believe that that testimony can be elevated to the status of a demand to the court under section 103—5(b).

In addition, the common-law record contains an entry for April 27, 1973, noting that defendant appeared on that day before Judge McCollum who ordered a continuance to August 6 on the court's own motion. Defendant cannot remember appearing before Judge McCollum in April, although it was Judge McCollum who on February 15 had continued the matter to the April date by agreement of the parties.

Hence, defendant's problem in the instant case is not merely the *absence* of any record of his having made on April 27, 1973, a demand

to the court for trial, but the *presence* of a record, including his testimony, which is inconsistent with his contention that he had made such a demand. Under such circumstances, defendant has clearly failed to sustain his burden of proof, and the granting of his motion for discharge was error.

For these reasons the judgment of the circuit court of Cook County is reversed and the causes remanded for further proceedings.

Judgment reversed; causes remanded.

DOWNING, P. J., and STAMOS, J., concur.