THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JOHN MARSHALL ERBE, Defendant-Appellant.

Fourth District   No. 13920

Opinion filed March 10, 1977.

Richard J. Wilson and Barbara A. Chasnoff, both of State Appellate Defender's Office, of Springfield, for appellant.

Ronald Dozier, State's Attorney, of Bloomington (Robert C. Perry and Marc D. Towler, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

On November 30, 1975, defendant John Marshall Erbe, then 16 years old, was placed in juvenile detention in connection with an alleged rape. On December 10, 1975, the State's motion to try defendant as an adult was granted and an information was filed charging defendant with rape. On March 24, 1976, the date set for trial, the State was granted a continuance over defendant's objection, and the trial was rescheduled to begin on about April 1, 1976. On March 31, 1976, defendant filed a motion for discharge under the 120-day rule (Ill. Rev. Stat. 1975, ch. 38, par. 103—

5(a)). The trial court denied the motion on the grounds that (1) defendant was tried within 120 days because the period did not begin to run until December 10, 1975, when the State's motion to try defendant as an adult was granted, (2) defendant contributed to the delay of the trial, and (3) the continuance granted to the State on March 24 met the requirements for an extension beyond 120 days under section 103—5(c) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 103—5(c)). After a jury trial held on April 1 and 2, 1976, defendant was convicted of rape and sentenced to imprisonment for 4 to 10 years.

■■ On appeal defendant contends that the trial court erred in denying his motion for discharge under the 120-day rule and challenges each of the three grounds given by the court for its ruling. Since we rule that defendant contributed to the delay of the trial, we need not decide the questions raised concerning the other two grounds.

The 120-day rule provides in pertinent part:

"Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant * * *." (Ill. Rev. Stat. 1975, ch. 38, par. 103—5(a).)

The Supreme Court has indicated that in determining whether delay of a trial was "occasioned by the defendant * * * the criterion in each case is whether the defendant's acts in fact caused or contributed to the delay. In the varied fact situations that involved the 120-day rule, we have carefully examined the facts to prevent a 'mockery of justice' either by technical evasion of the right to speedy trial by the State, or by a discharge of a defendant by a delay in fact caused by him. [Citation.]" *People v. Fosdick* (1967), 36 Ill. 2d 524, 528-29, 224 N.E.2d 242, 246.

The delay in question in the instant case is the continuance granted the State on March 24, the date originally set for trial. At the hearing on defendant's motion for discharge, the parties stipulated that on the afternoon of Friday, March 19, the prosecutor informed defense counsel that two police officers who had taken a written statement from defendant were to be in Chicago for training the next week and asked him if he would be willing to enter into a stipulation as to their testimony. Defense counsel replied that he thought a stipulation would be satisfactory and that he did not foresee any difficulty with such a stipulation. On the evening of March 23, the day before the trial was to begin, defense counsel notified the prosecutor that there would be no stipulation.

The report of proceedings indicates that when the State asked the trial court to grant a continuance on March 24, the prosecutor stated that the reason for the request was that two police officers were out of town that week and a possible stipulation as to their testimony had fallen through at

the last minute. Defense counsel objected to the continuance on the basis that he was ready for trial. The trial court granted the continuance, noting that although the officers would be available on March 29, the trial could not begin any earlier than about April 1, because of the scheduling of other trials.

■■ Under these circumstances it appears that defendant contributed to the delay of the trial by his counsel's handling of the prosecutor's request for a stipulation. Given reasonable notice that defense counsel could not agree to a stipulation, it would have been up to the State to produce the witnesses in time for trial and any delay would have been attributable to the State. By waiting until the last minute to object, however, defense counsel helped create the need for a continuance.

Accordingly, the judgment of the circuit court of McLean County is affirmed.

Affirmed.

TRAPP, P. J., and MILLS, J., concur.