THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
ALVIN F. TONEY, Defendant-Appellee.

First District (4th Division)    No. 76-495

Opinion filed February 28, 1978.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Iris E. Sholder, Assistant State's Attorneys, of counsel), for the People.

Larry S. Kajfes, of Chicago, for appellee.

Mr. JUSTICE LINN delivered the opinion of the court:

The State appeals from an order of the circuit court of Cook County sustaining the petition of defendant, Alvin F. Toney, for discharge, based on his contention that he was denied his stautory right to speedy trial. (Ill. Rev. Stat. 1973, ch. 38, par. 103—5.) The State contends that neither defendant's statutory nor constitutional right to speedy trial was violated when he was indicted for the same offenses more than 160 days after having been discharged at the conclusion of a preliminary hearing where the court failed to find probable cause.

We agree with the State's contentions and reverse and remand for further proceedings.

Based on an incident which occurred on July 10, 1973, the defendant

was arrested on July 28, 1973, and charged, along with Charles Stanton, with the murder of Charles Murray, Jr., and the aggravated battery of Eliot Cook and Christopher Cook. On October 4, 1973, after several continuances requested by the State, the trial court denied the State any further continuance and a preliminary hearing was held.

At the preliminary hearing police investigator Jerry Lawrence testified that he had interviewed Christopher Cook, one of the victims, regarding the death of Charles Murray and as to his own injuries. At that point in the hearing an objection to further hearsay testimony relating to the interview was sustained on the basis that there had been no showing that the witness would be available to testify at trial.

Thereafter, investigator Lawrence testified that witnesses Eliot and Christopher Cook had never appeared in court in connection with the incident; that when he had attempted to locate the boys, then 14 and 11 years old, he had been informed that they were in Memphis, Tennessee, with their mother; that the father of the boys had confirmed this information; that the father had later called to inform Lawrence that the boys had returned to Chicago and could be found at a certain address; that he had gone to this address but was again unable to locate the boys. The State then rested.

The judge found there was no probable cause shown upon which to base the criminal charges and discharged the defendant. Defendant, immediately thereupon, made a demand for trial.

Approximately 10 months later, on August 7, 1974, the grand jury indicted the defendant for the murder and aggravated batteries for which he previously had been arrested. On August 16, 1974, defendant was arraigned and remained in custody. The defendant filed a petition for discharge on May 27, 1975, contending that he had not been brought to trial on the charges within the 160-day period following his October 4, 1973, demand for trial as required by section 103—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, par. 103—5). Between August 16, 1974, and May 27, 1975, the case had been continued 14 times; however, all the continuances but one, made by order of court, were agreed to or otherwise chargeable to the defendant and are not in issue in this case. The defendant's petition for discharge was granted on July 1, 1975, and the State proceeded with this appeal.

OPINION

■■ Since it is admitted that the defendant is chargeable with the delay which occurred while he was in custody after his indictment, the sole question we must determine is whether the statutory right to speedy trial has been violated as a result of the defendant not being brought to

trial between his discharge on October 4, 1973, his indictment on August 7, 1974. The State contends that the statutory speedy trial provision was not violated by the passage of more than 160 days between the defendant's discharge upon a finding of no probable cause, and his subsequent indictment. We agree.

Under Illinois law (Ill. Rev. Stat. 1973, ch. 38, par. 103—5), a defendant in custody must be brought to trial within 120 days from the date he was taken into custody, or, if on bail, within 160 days from the date he demands trial, unless the defendant is chargeable with the delay. This statutory provision is a means of implementing and explaining the right to speedy trial guaranteed by the State and Federal constitutions. U.S. Const., amend. VI; Ill. Const. 1970, art. I, §8; see *People v. Love* (1968), 39 Ill. 2d 436, 235 N.E.2d 819; *People v. Green* (1976), 42 Ill. App. 3d 978, 356 N.E.2d 947.

This court held in *People v. Gimza* (1977), 56 Ill. App. 3d 477, 371 N.E.2d 1135, that the statutory term does not continue to run when charges against the defendant are dismissed for want of probable cause. In *Gimza*, a charge of involuntary manslaughter against the defendant was dismissed for want of probable cause, after a preliminary hearing. Defendant demanded trial. Later, based on evidence of the same events, defendant was indicted for murder. Defendant's petition for discharge, contending that the 160-day statutory term had expired, was granted. On appeal, we held that, after the charges were dismissed for want of probable cause, the period did not continue to run, but that a totally new period began to run after defendant was indicted and had again demanded trial. Our disposition in *Gimza* is controlling in the instant case.

Section 103—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, par. 103—5), is not operative unless there are charges pending against the defendant. (*People v. Lowe* (1965), 61 Ill. App. 2d 262, 210 N.E.2d 31.) A demand for trial is therefore meaningless when, at the time of the demand, there are no charges pending upon which the defendant can be tried. Here, although defendant was in custody between July 28 and October 4, 1973, the term was broken by his discharge, and the interval between October 4, 1973, and August 7, 1974, cannot be included in determining the statutory period.

The defendant cites *People v. King* (1972), 8 Ill. App. 3d 2, 288 N.E.2d 672, in support of his argument that the statutory term continues to run even though no charges are pending against the defendant. This case is inapposite, however, because it involves a situation where the defendant was in custody and the statutory term was running on related charges. Similarly distinguishable is the case of *People v. Williams* (1971), 2 Ill. App. 3d 993, 278 N.E.2d 408, in which the court held that continuances

chargeable to a defendant on a murder charge did not toll the running of the statutory term with respect to a related charge which was not before the court when the continuances were granted.

■■ It has been held that the purpose of the statutory speedy trial provision should not be avoided by technical evasions. (*People v. McAdrian* (1972), 52 Ill. 2d 250, 287 N.E.2d 688.) Thus, the statutory term continues to run if the State nol prosses the case (*People v. Lee* (1969), 44 Ill. 2d 161, 254 N.E.2d 456; *People v. Fosdick* (1967), 36 Ill. 2d 524, 224 N.E.2d 242), or has the charges stricken with leave to reinstate (*People v. Baskin* (1967), 38 Ill. 2d 141, 230 N.E.2d 208; *People v. Nelson* (1962), 25 Ill. 2d 38, 182 N.E.2d 704). However, these situations are significantly different from charges dismissed for lack of probable cause. Where a charge has been stricken with leave to reinstate, the same charge subsequently may be reinstated. After a discharge for want of probable cause, however, the proceedings may begin again only after the State secures additional evidence and files new charges against the defendant. A dismissal for lack of probable cause is a judicial determination in favor of the defendant rather than a voluntary act on the part of the State. Where charges are dismissed upon a judicial determination of no probable cause, the State has little opportunity to manipulate the proceedings or to purposefully evade the operation of the statutory term. *Cf. People v. Fosdick* (1967), 36 Ill. 2d 524, 224 N.E.2d 242.

As stated by the court in *People v. McAdrian* (1972), 52 Ill. 2d 250, 255, 287 N.E.2d 688, 691:

> "[T]he real issue, when a charge against a defendant is dismissed and he is later reindicted on the same offense, may be whether the circumstances suggest that the State is seeking to evade the consequences of the [statutory] rule, or whether the delay, in any event, would constitute a denial of the defendant's constitutional right to a speedy trial."

In this respect, defendant suggests that the State was not diligent in obtaining witnesses for the preliminary hearing and that it attempted to evade the statutory term by proceeding with a sham preliminary hearing. The record does not support this claim. The testimony of investigator Lawrence at the preliminary hearing indicates that the witnesses were unavailable despite diligent efforts to locate them. It was not unreasonable for the State to proceed with the preliminary hearing and to rely on the testimony of investigator Lawrence as sufficient proof of probable cause.

■■ Finally, although the defendant did not assert a violation of his constitutional right to speedy trial in his petition for discharge, we feel it is appropriate to briefly address this issue. In deciding whether the constitutional assurance of a speedy trial has been violated, four factors

are to be considered: (1) the reasons for the delay; (2) the length of the delay; (3) the prejudice to the defendant; and (4) whether the accused may be considered as having waived the right. *Barker v. Wingo* (1972), 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182; *People v. Henry* (1970), 47 Ill. 2d 312, 265 N.E.2d 876; *People v. Tetter* (1969), 42 Ill. 2d 569, 250 N.E.2d 433.

■■ A balancing of these factors indicates that the defendant's constitutional right to speedy trial was not violated. The delay was occasioned by the unavailability of key witnesses despite the diligent efforts of the State to produce them. Subsequent delay was either caused or acquiesced in by the defendant. During the interval between discharge and indictment, the defendant was not subject to any of the disabilities of arrest, criminal charges or prosecution. The charges against the defendant were dismissed. The State was no longer asserting probable cause against him. He was neither in custody nor subject to reinstatement of the same charges. The defendant, in the eyes of the community, had been exonerated of the charges. In light of these facts we do not find that the delay was so inordinate as to prejudice the defendant or to violate his constitutional right to speedy trial. See *United States v. Marion* (1971), 404 U.S. 307, 30 L. Ed. 2d 468, 92 S. Ct. 455; *People v. Gimza* (1977), 56 Ill. App. 3d 477, 371 N.E.2d 1135.

For these reasons the decision of the circuit court of Cook County is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

JOHNSON, P. J., and DIERINGER, J., concur.