**People of the State of Illinois, Plaintiff-Appellee, v. John Rice, Defendant-Appellant.**

Gen. No. 11,148.

Fourth District.

May 18, 1970.

Arthur M. Lerner, of Champaign, for appellant.

Lawrence E. Johnson, State's Attorney of Champaign County, of Urbana, for appellee.

SMITH, J.

The defendant appeals from a sentence of five to fourteen years in the penitentiary on a jury verdict finding him guilty of forgery. He assigns four grounds for reversal: (1) His motion for discharge should have been allowed because he was not given a speedy trial; (2) the court erred in allowing into evidence the contents of his wallet; (3) the court erred in allowing into evidence articles found in the automobile in which the defendant was riding; and (4) his guilt was not established beyond a reasonable doubt. On this record, the errors assigned are specious and the judgment is affirmed.

On July 22, 1968, the defendant entered the Colonial Liquor Store, selected a bottle of Haig Scotch whiskey and presented to the cashier a check for $65 payable to Matthew Rector and bearing the name of John Herschfeld as maker. Defendant identified himself to the cashier, said he was employed by the Hirschfeld Distributing Company and that the check was his payroll check. The cashier deducted the price of the whiskey and gave the defendant the balance in cash. This was the incident on which he was tried. A little later in the evening he went to another store, tendered another check for $54. The owner of that store had done business with the Hirschfeld Company for about twenty-five years and noted that the printed name Hirschfeld was misspelled as Herschfeld. The defendant again identified himself as Matthew Rector and the proprietor then telephoned the Urbana police. The defendant retrieved his check and fled. The officers responded, were given a description of the defendant's automobile and the direction he had taken. They trailed him for about eight blocks with the red lights flashing and the siren operating. Just before they reached him, several pieces of paper were tossed out of the right front seat window of the automobile. The defendant was rid-

ing in the right front seat. These pieces of paper were retrieved, as were several others just like them, from the bottom of the car and from the defendant's wallet, and a bottle of Haig Scotch whiskey was on the floorboard of the car. These pieces of paper were more checks. The defendant identified himself as John Rice at the time of his arrest. The defendant was identified by the cashier at the first place and by the proprietor of the second place and by the police officers as the man who was arrested following the pursuit described. The first complaint involving the second establishment was filed July 23. The complaint involving the check at the first establishment was filed August 30. On August 30, the defendant appeared and was furnished a copy of the complaint and a public defender was appointed to represent him, moved for an immediate preliminary hearing and it was allowed. Evidence was heard and the defendant was bound over to the Grand Jury. On November 7, the indictment was returned. The case was set for trial on November 18, which was within 120 days of the defendant's arrest. His trial lawyer was the one appointed August 30, and they then moved for a continuance on the grounds that a continuance was necessary to properly prepare their defense. That motion was allowed and the trial was continued to and begun December 2.

A mere reading of the facts above stated clearly demonstrates that the defendant was brought to trial within 120 days after this charge was filed against him; that he had had an attorney since August 30 who was present when the evidence in the preliminary hearing was given and who conducted the trial. This same attorney and the defendant moved for a continuance. Under these circumstances, it seems apparent that the defendant was accorded the opportunity for a speedy trial within the contemplation of his constitutional right and the

decisions construing that right. It is recognized that various factual situations involving the 120-day rule may arise and it is incumbent upon the court to examine the facts in each case to prevent a miscarriage of justice either by technical evasion of the right to a speedy trial by the State or by a discharge of the defendant for delays in fact caused by him. People v. Fosdick, 36 Ill2d 524, 224 NE2d 242; People v. Bagato, 27 Ill2d 165, 188 NE2d 716. In People v. Love, 39 Ill2d 436, 235 NE2d 819, the Supreme Court recently again discussed the requirements of the Constitution and of the statute. It was there pointed out that the constitutional proviso is met where the defendant is brought to trial within 120 days, after being taken in custody or after filing a demand when on bond and under such circumstances there will ordinarily be no constitutional question involved because there would be no arbitrary or oppressive delay which the constitution prohibits. Where the delay, however, is occasioned by the defendant, there is likewise normally no violation of the constitutional provision nor of the statute. People v. Baskin, 38 Ill2d 141, 230 NE2d 208. It is apparently the defendant's contention here that since the case was not noted for trial until the twilight of the 120-day period, that this delay was oppressive and arbitrary and prejudiced the defendant. It is charged that the delay was arbitrarily brought about by the State's Attorney. The facts do not support the charge. Indeed, the entire case seemed to have moved along with reasonable dispatch and the continuance was patently caused by the defendant. Where an attorney has represented a defendant for almost three months before the time here involved and needs more time to prepare, it defies fact to say that the delay was not occasioned by the defendant.

333

■ It is also contended that the checks picked up along the road and in the automobile, along with the Haig Scotch whiskey, were the product of an unlawful search and seizure and should not have been admitted into evidence. The defendant concedes that People v. Robinson, 40 Ill2d 453, 240 NE2d 630, probably controls. We agree. It is hard to manufacture the facts in this case into a search at all. The whiskey was in plain sight, the checks were in plain sight, and the checks tossed out of the window were in plain sight. Within the principles stated in Robinson, no search was conducted and no warrant was necessary.

■ The defendant complains also that in the pretrial conference there was a demand for physical objects and in particular some discussion about the wallet, but the State's Attorney indicated that he did not intend to introduce the wallet in evidence. The trial judge indicated that since such was the case, no discovery was required. However, several items which came out of the wallet, including some identification of John Rice and some identification of Matthew Rector, were admitted and received into evidence. Counsel appearing in our court, who was not the trial counsel, now says that trial counsel was deluded and misled by the State's Attorney. The record does not bear out this charge. While there was some failure of communication, the record also establishes that at least twice prior to the trial the State's Attorney inquired about any further items of discovery. In any event, these items were not required to support or sustain a conviction in this case as there was ample identification otherwise, and the evidence offered was purely cumulative. In addition, the record indicates that the State's Attorney offered his file to the defendant. We fail to see any error in these occurrences.

334

It is also urged that one Delva, who drove the car and was arrested, was quite similar in size, height, and looks to the defendant and that it was incumbent upon the State to establish that it was the defendant and not Delva who committed the forgery. The only evidence offered on behalf of the defendant was Delva's photograph. Delva's name was not endorsed on the indictment and it appeared during the trial that Delva would now be available to testify for the State. The defendant objected to his testimony because he wasn't endorsed. After the photograph was offered in evidence, the defendant again objected to calling Delva as a rebuttal witness and the objection was sustained. It does not lie in the mouth of the defendant to now complain that Delva was not produced as a witness when it was the defendant himself who invited the situation. He can't complain if that evidence was not admitted when he closed the door on its admission. There is no doubt from this record that the jury were justified in finding the defendant guilty beyond a reasonable doubt.

Accordingly, the judgment of the trial court should be and it is hereby affirmed.

Affirmed.

CRAVEN, P. J. and TRAPP, J., concur.