THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GEORGE ELLIS *et al.* Defendants-Appellants.

(No. 71-166;

Third District—April 6, 1972.

586

Bruce Stratton and Theodore Gottfried, both of Defender Project, of Ottawa, for appellants.

William J. Scott, Attorney General, of Springfield and Louis R. Bertani, State's Attorney, of Joliet, (James B. Zagel, Assistant Attorney General, and Arthur T. Lennon, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendants George Ellis and Arthur Jones appeal to this Court from a conviction and sentence of from 2 to 10 years as to Ellis and 1 to 10 years as to Jones on the charge of Escape.

While defendants were in custody on December 10, 1969, they were indicted for the offense of Escape. On December 16, 1969, defendant Ellis filed a motion for Substitution of Judges. The motion was granted on December 22, 1969. On February 25, 1970, defendant Jones filed a motion for Substitution of Judges. On March 6, 1970, the case was assigned to the Honorable David E. Oram pursuant to the motion filed February 25, 1970. On March 2, 1970, however, defendant Ellis filed, and on March 6, 1970, defendant Jones also filed, motion for change of venue.

On March 24, 1970, the cause was transferred to La Salle County. On May 12, 1970, each defendant filed his Motion for Discharge under the 120-day rule (Ill. Rev. Stat. ch. 38, par. 103—5). These motions were denied on May 13, 1970.

At the trial which was held thereafter, both defendants were convicted on May 19, 1970, for the offense of Escape. On June 26, 1970, the prosecution filed a Motion for Continuance of the hearing in aggravation and mitigation from June 26 to July 31, 1970, because of the illness of the trial judge. The continuance was ordered with the approval of defendants' attorney. On July 28, 1970, defendant George Ellis filed a motion attacking the proceedings in this cause on the basis of "double jeopardy". On July 31, 1970, the cause was continued to September 14, 1970, again with the consent of defendants' counsel. On August 11, 1970, defendant Ellis filed a motion attacking the delay between conviction and sentencing. On September 14, 1970, a hearing was held in the Circuit Court to determine to whom the case should be assigned because of the death of the trial judge Hobart W. Gunning who had presided at the trial. An order was then entered granting the motion for continuance without defendants' consent and the case was continued till September 30, 1970, for a hearing in aggravation and mitigation. On September 30, 1970, a hearing was held in aggravation and mitigation and at such time the court denied all of the motions filed by Ellis without a formal hearing.

On appeal in this Court, defendants raise three issues. (1) It is contended that under the terms of section 103—5 of chapter 38 of Illinois Revised Statutes, defendants were deprived of their constitutional right to a speedy trial and to due process of law; (2) that defendant Ellis was denied due process of law when the court refused to hear his motion to dismiss based upon double jeopardy; and (3) that the court lost

jurisdiction to impose sentence on the defendants by reason of the lapse of 144 days between the finding of guilty as to defendants and the imposition of sentence.

■■ Section 103—5 of chapter 38 of Illinois Revised Statutes provides that if a person is in custody in this State for an alleged offense he shall be tried by the court having jurisdiction "within 120 days from the date he was taken into custody unless delay is occasioned by defendant, a competency hearing, or by an interlocutory appeal". It is apparent that while the 120-day rule was enacted to insure a speedy trial, it also contained provisions to prevent abuse of such statute by creating certain exceptions. Specifically, if the delay is occasioned by the defendant, the statute does not run, and under the interpretations of the cases in this State, the time begins running anew after delay occasioned by defendant is interposed.

In *People v. DeStefano*, 85 Ill.App.2d 274, a similar issue was involved with respect to the 120-day rule. In considering the request of defendant for a change of venue and a substitution of judges and the effect of such motion upon the running of the statute, the court in that case said (at page 284):

"* * * the defendant requested a change of venue which was granted and the cause was then transferred to another judge for trial. A request for a change of venue when the case is reached for trial is attributable to the defendant so that it interrupts the running of the statute. The necessity for the postponement of the trial, in our judgment, was therefore the defendant's fault and the statute does not apply until a new 120 days has elapsed * * *."

It has been argued, as it is in the case before us, that so long as the substitution of judges has not occasioned additional delay, the 120 days should not be interrupted. The Supreme Court of this State pointed out that such analysis was not sound. In *People v. Nowak*, 45 Ill.2d 158, the date of the trial set for the new judge was the same as it was for the judge from whom it was assigned. The contention was made that the 120-day period should not be suspended. The court said with respect to such argument (at page 166):

"The fallacy of this argument becomes apparent when we remember that the selection of a date before Judge Healy (the judge the case was assigned to) was entirely dependent on the schedule of other cases in his court. The fortuitous circumstance that the same date happened to be available does not change the true nature of the initial proceedings before Judge Healy which involved the selection of a trial date as the first item on the agenda."

As stated in *People v. Rankins*, 18 Ill.2d 260, where the issue was the

effect on the 120-day rule when defendant caused a delay, the court stated (at page 262):

"We have repeatedly held that where a defendant has sought and obtained a continuance within the period in question, * * * or when he asks for and receives a change of venue * * * or by his own action he was otherwise caused the delay, the right to be tried within the four-months period is temporarily suspended, * * * and the statute does not apply until a new four-months period has elapsed."

Similar conclusions were reached in *People v. Rice*, 122 Ill.App.2d 329, 333, in *People v. Baskin*, 38 Ill.2d 141, 144, and in *People v. Meisenhalter*, 381 Ill. 378, 385.

■■ In the cause before us defendants Ellis and Jones moved for both changes of venue and substitution of judges. By these motions made by said defendants on their own initiative, they lost the right to rely upon the 4-month rule running from the date of their first arrest. Apparently for practical administrative reasons, they are also not afforded the privilege of simply adding the number of days they claim their delay caused to the 4-month or 120-day period. A reasonable rule adopted in this State, that the 4-month or 120-day period must start anew from the date of continuance or other delay, has been in force in this State and is still in force and effect. Obviously the courts have recognized that it would be difficult for a prosecutor to determine the exact number of days to be added to the 120-day period. The rule that interruption by act of defendant suspends the period and makes it begin to run anew could prevent dispositions on a purely technical basis (without truly carrying into effect the purpose of the 120-day rule).

■■ The 120-day rule and the speedy trial guarantee may be distinct in nature and application in many cases. (*People v. Stuckey*, 34 Ill.2d 521; *People v. Love*, 39 Ill.2d 436.) The delay in the cause before us between indictment and trial was approximately 6 months. The United States Supreme Court has approved delays for considerably longer periods. (*Hoag v. New Jersey*, 356 U.S. 464, 472—3 [2 years]; *United States v. Ewell*, 383 U.S. 116, 120 [19 months].) To the same effect is *People v. Tetter*, 42 Ill.2d 569, 577 (18 months). In the cause before us there is also no allegation of specific proof of actual prejudice. Where there is no specific prejudice shown the assertion of error in denial of a speedy trial cannot be sustained. (*People v. Love, supra; People v. Tetter, supra; United States v. Ewell, supra.*) In the cause before us, the period of time is relatively short and there is no showing of prejudice to the defendant. On the basis of such facts we do not believe that there was a denial of the constitutional right to a speedy trial.

We see no violation of the constitutional guarantee of a speedy trial in this case. The actual decision as to whether to make a motion for substitution of judge or change of venue, or to rely on having a trial within the 120-day period is necessarily involved in every criminal procedure. A defendant's need to make a decision as to what procedure is in his own best interest does not constitute a violation of his constitutional rights. We see no reason for abandoning the established Illinois rule with respect to the interpretation of Section 103—5 of the Illinois Criminal Code, and we conclude that the interpretation as shown in the Illinois cases (which was applied by the trial court) is not violative of the constitutional rights of defendants in this cause.

■■ With respect to the contention relating to the motion to dismiss upon the basis of double jeopardy, defendant was actually before the Circuit Court of La Salle County for proceedings in this case when the motion was filed and when the court denied the motion. The court acknowledged the existence of the motion. On the record the court took the motion together with other motions under consideration and denied them. Due process of law does not regulate the amount of consideration a judge must give to a motion taken under consideration in court, so long as it conforms to basic processes and principles. Defendant was given his opportunity to present motions. The motions were taken under consideration and rejected. We see no violation of the right of defendant in this respect since there is no showing that the decision of the trial court in denying the motion was incorrect. (*People v. York*, 29 Ill.2d 68.) There was nothing set forth in the motion which would have required that the court allow such motion.

The final issue raised by defendants is that 144 days elapsed between the finding of guilty and the imposition of sentence, and that this was such a lengthy period as to cause the court to lose jurisdiction to impose sentence on defendants. We note in this cause that defendants were convicted on May 19, 1970, at which time the trial judge set June 26, 1970, as the date for hearing in aggravation and mitigation. A motion for continuance was filed by the State's Attorney on June 26, 1970, referring to the illness of the trial judge, with the recommendation that the case be continued until July 31, 1970. It was so continued with the approval of defendants' attorney. On July 31, 1970, the court continued the cause until September 14, 1970, again reciting the consent of defendants' counsel. On September 14, 1970, the Circuit Court held a hearing to determine to whom the case should be assigned by reason of the death of the judge who had presided at the trial. A motion for continuance by the prosecution was granted (this time without defendants' consent) and the case was continued until September 30, 1970,

for hearing in aggravation and mitigation. The objection of defendant Ellis that the court had lost jurisdiction to proceed was overruled at this time.

■■ The first consideration is whether a defendant can disavow his attorney's actions in consenting to a continuance of the sentence hearing. In *People v. Rankins, supra,* the Supreme Court of this State stated that an accused may not fully avail himself of the services of appointed counsel and then later disclaim both services and the appointment. The court concluded that defendant was bound by the acts of his appointed counsel and that the delay occasioned on that date was effective to suspend the running of the 4-month period. The agreement of counsel, therefore, waived any claim to immediate sentencing prior to September 14, 1970. *People v. Rogers,* 26 Ill.2d 599; *People v. Canada,* 81 Ill.App.2d 220.

■■ While it is true as stated by the Court in *People ex rel. Houston v. Frye,* 35 Ill.2d 591, 594, that the sentencing should not be unduly delayed, the rule is clear that post-trial delay in imposition of sentences must be so unreasonable as to deprive a court of its authority to proceed. This depends in substantial measure on circumstances in each case. In the *Houston* case the court sanctioned a delay of 23 months where defendant agreed to await the termination of his co-defendant's trial. In the cause before us the delay was about 6 months, and was clearly justified by the illness and eventual death of the original trial judge. Neither the length of time of the delay, nor the reason for it, is arbitrary or oppressive. There is neither allegation nor proof of prejudice. On the basis of the record, therefore, we do not believe that the contentions of defendants with respect to the delay in sentencing are sound.

For the reasons stated the judgments and orders of the Circuit Court of La Salle County are affirmed.

Judgments and orders affirmed.

STOUDER, P. J., and SCOTT, J., concur.