THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JOHN S. MARTIN, Defendant-Appellee.

Fifth District   No. 5—88—0180

Opinion filed June 21, 1989.

Charles Garnati, State's Attorney, of Marion (Kenneth R. Boyle, Stephen E. Norris, and Raymond F. Buckley, Jr., all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Winters, Brewster, Murphy, Crosby & Patchett, of Marion, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

The defendant, John Martin, was charged on January 20, 1987, with driving under the influence of alcohol in violation of section 11—501 of the Illinois Vehicle Code (the Code) (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501), and with driving while license revoked in violation of section 6—303 of the Code (Ill. Rev. Stat. 1985, ch. 95½, par. 6—303). The circuit court of Williamson County subsequently dismissed the cause for violation of the defendant's right to a speedy trial. The State appeals. We reverse the circuit court and remand the cause for further proceedings.

On July 7, 1987, the defendant pled not guilty to the two charges. The trial court scheduled the cause for a September 8, 1987, jury trial. On September 8 the defendant failed to appear and a warrant was issued for his arrest. On September 16, 1987, the court quashed the defendant's arrest warrant and set the cause for a November 11, 1987, arraignment. On September 22, 1987, the defendant's attorney entered an appearance. On September 30, 1987, the court scheduled

the cause for a December 16, 1987, jury trial. On December 16, the court reset the cause for the February docket. The cause was then delayed from February 9, 1988, to February 25, 1988, because two judges recused themselves. On February 23, 1988, the defendant filed a motion to continue, which the court granted. On March 3, 1988, the circuit court granted the defendant's motion to dismiss, finding that the defendant's right to a speedy trial had been violated. The following was entered in the record sheet for March 3, 1988:

> "Defendant present with attorney Patchett who moves for dismissal based upon unreasonable delay pursuant to statute. Defendant demanded jury trial on July 7, 1987 but failed to appear for pre-trial on September 8, 1987. Defendant then appears on September 16, 1987. 160 days from July 7, 1987 expired on 12/14/86. If 30 days are attributable as delay to defendant for failing to appear for pre-trial the operative date is 1/13/88. On December 23, 1987 defendant waives jury. Nothing was done by defendant during this period of time to delay trial. In fact from 12/23/87 until 2/23/88 nothing was done to delay the case by defendant. The Court finds that the provisions of SC Rules regarding prompt trials have been violated. Defendant is discharged."

The State filed this appeal, in which it contends that the trial court erred in discharging the defendant because 160 days of delay attributable to the State had not run at the time of the discharge on March 3, 1988.

This appeal essentially turns on three questions: (1) whether the defendant had made a valid jury demand on July 7, 1987; (2) whether the original Supreme Court Rule 505 (107 Ill. 2d R. 505), rather than the amended Supreme Court Rule 505 (113 Ill. 2d R. 505), applied to the defendant's cause; and (3) whether the record supports the defendant's assertion that the State should be charged with the delay occasioned between October 27, 1987, and December 16, 1987.

■ The entry in the record sheet for July 7, 1987, states that the defendant, in an appearance with the public defender, pled not guilty, and that the court scheduled a jury trial for the September docket. The trial court apparently found that this was the defendant's jury demand, and that the time thus began to run against the State on that date. We are unable to say that this finding was in error.

The next question is whether Supreme Court Rule 505 as it was in effect prior to August 1, 1987, or the rule as amended on August 1, 1987, is effective in this cause. Supreme Court Rule 505, as effective prior to August 1, 1987, provided, *inter alia*:

"Upon timely receipt of notice that the accused intends to plead 'not guilty,' the clerk shall set a new appearance date not less than 7 days nor more than 49 days after the original appearance date set by the arresting officer, and notify all parties of the new date and the time for appearance. *If the accused demands a trial by jury, the trial shall be scheduled within the time prescribed by section 103—5 of the Code of Criminal Procedure of 1963, as amended.*" (Emphasis added.) (107 Ill. 2d R. 505.)

The relevant portions of section 103—5 of the Code of Criminal Procedure of 1963 provide:

"(b) Every person on bail or recognizance shall be tried by the court having jurisdiction *within 160 days from the date defendant demands trial* unless delay is occasioned by the defendant \*\*\*.

\* \* \*

(f) Delay occasioned by the defendant shall temporarily suspend for the time of the delay the period within which a person shall be tried as prescribed \*\*\* and on the day of expiration of the delay the said period shall continue at the point at which it was suspended." (Emphasis added.) Ill. Rev. Stat. 1985, ch. 38, pars. 103—5(b), (f).

The supreme court amended its Rule 505 on June 26, 1987, effective August 1, 1987. The amended rule provided that "[i]f the accused demands a trial by jury, *the trial shall be scheduled within 120 days of arrest.*" (Emphasis added.) 113 Ill. 2d R. 505.

■ If the amended Rule 505, requiring trial within 120 days of arrest, applies to this cause, it is uncontested that the defendant is entitled to a discharge. Clearly, however, the supreme court did not intend for the amended rule—which became effective on August 1, 1987, and reduced the time in which to try a traffic defendant who requests a jury trial from 160 days from the date of his *jury demand* to 120 days from the date of his *arrest*—to apply where the defendant was arrested prior to the rule's effective date. As a general rule of statutory construction, in the absence of express language imposing retroactive application, new statutes and amendments to statutes are applied only prospectively. (*Economy Fire & Casualty Co. v. Green* (1985), 139 Ill. App. 3d 147, 149, 487 N.E.2d 100, 102.) Rule 505, as it was in effect both at the time when the defendant was arrested (January 20, 1987) and at the time when he demanded his right to a trial by jury (July 7, 1987), required that the defendant be tried within 160 days from the date of his jury demand.

Since July 7, 1987, was the date of the defendant's jury demand, all delay prior to July 7, 1987, is inapposite, and the defendant is entitled to a discharge only if 160 days of delay subsequent to July 7, 1987, are attributable to the State. On July 7, 1987, the court set the cause for trial on September 8, 1987, 63 days after the defendant's demand. These 63 days are attributable to the State.

■ On September 8, 1987, the defendant failed to appear for trial, and the court reset the cause for December 16, 1987. This delay was clearly attributable to the defendant. In determining whether delay was occasioned by the defendant, the criterion in each case is whether the defendant's acts in fact caused or contributed to the delay. (*People v. Fosdick* (1967), 36 Ill. 2d 524, 528-29, 224 N.E.2d 242, 246.) A defendant is considered to cause delay where, *inter alia*: (1) he requests a continuance (*People v. Bivins* (1981), 97 Ill. App. 3d 386, 392, 422 N.E.2d 1044, 1050); or (2) he fails to appear at a scheduled court hearing (*People v. Hatch* (1982), 110 Ill. App. 3d 531, 537, 442 N.E.2d 655, 659).

■ The defendant contends, however, that the delay occasioned by his failure to appear for trial on September 8, 1987, was tolled on October 27, 1987, and began to run against the State subsequent to that time because that was the date to which the cause had been continued. The defendant states in his brief that "[i]t is clear from the record that the period began to run again on October 27, 1987." The defendant's counsel also asserted this in oral argument. The record does not indicate, however, where defendant or his counsel derived this assertion. The assertion is flatly contradicted by the September 30, 1987, entry in the record sheet, which states "[c]ase set on December docket," and it is also belied by an entry on September 16, 1987, which states that "warrant [issued when the defendant failed to appear on September 8, 1987] is ordered quashed. Clerk to set for arraignment *** on 11-4-87 2 p.m." There is no entry in the record for October 27, 1987. Although the trial court mentioned the October 27, 1987, date in an order of April 4, 1988, this order was rendered void by the notice of appeal filed on March 31, 1988, and is *dehors* the record. The record thus establishes that, because of the defendant's absence from trial on September 8, 1987, all of the delay from September 8, 1987, to December 16, 1987, is attributable to the defendant.

The cause was called for trial on December 16, 1987, but was continued until February 9, 1988. The cause was then delayed from February 9 to February 25, 1988, because two judges recused themselves. This delay from December 16, 1987, to February 25, 1988, totalling 71 days, is attributable to the State. Along with the 63 days of delay

occasioned from July 7, 1987, to September 8, 1987, the State accumulated 134 days of delay.

Since Supreme Court Rule 505 (107 Ill. 2d R. 505) as it applies to this cause provides that every person on bail shall be tried within 160 days from the date the defendant demands trial, and only 134 days of delay not attributable to the defendant had elapsed from July 7, 1987, the time that the defendant demanded trial, the trial court's discharge of the defendant for violation of his right to a speedy trial was erroneous. We therefore reverse the judgment of the court and remand this cause for further proceedings.

Reversed and remanded.

CHAPMAN and RARICK, JJ., concur.