THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. TODD W. BRYANT, Defendant-Appellee.

Fourth District   No. 4—91—0444

Opinion filed January 17, 1992.

Craig H. DeArmond, State's Attorney, of Danville (Kenneth R. Boyle, Robert J. Biderman, and Denise Ambrose, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Daniel D. Yuhas and John Anthony Palombi, both of State Appellate Defender's Office, of Springfield, for appellee.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

This case concerns the operation of the requirement of section 103—5(a) of the Code of Criminal Procedure of 1963 (Code) that "[e]very person in custody *** for an alleged offense shall be tried *** within 120 days from the date he was taken into custody unless" certain types of delay are "occasioned" by that prisoner. (Ill. Rev. Stat. 1989, ch. 38, par. 103—5(a).) The question presented is whether the 120-day period which begins with the incarceration of a defendant is tolled by delay "occasioned" by that defendant before incarceration when he failed to appear for trial. We hold that it does not.

On April 17, 1990, the State charged defendant Todd W. Bryant and a codefendant in the circuit court of Vermilion County with the offense of residential burglary. (Ill. Rev. Stat. 1989, ch. 38, par. 19—3.) Defendant was then released on bond and subsequently a trial date of July 30, 1990, was set. Defendant failed to appear on that date and a warrant was issued for his arrest. Law enforcement officers later captured defendant and he was extradited and returned to Illinois, where he was placed in the Vermilion County jail on November 28, 1990. On that date, the circuit court set defendant's case for trial on March 4, 1991. No trial was held on that date. The record does not indicate why that was so. On April 26, 1991, defendant filed a motion to have the cause dismissed and him discharged because the 120-day period of section 103—5(a) of the Code, which started on November

28, 1990, had expired. On May 1, 1991, the court allowed that motion. The State has appealed pursuant to Supreme Court Rule 604(a)(1). (134 Ill. 2d R. 604(a)(1).) We affirm.

Relying principally upon the decision in *People v. Martin* (1989), 185 Ill. App. 3d 547, 542 N.E.2d 27, the State contends that because of defendant's unexcused failure to appear for trial on July 30, 1990, the 120-day period of section 103—5(a) of the Code did not start to run until March 4, 1991, which, according to the State, was the first available trial date after the defendant was taken into custody. On appeal, the State also maintains, for the first time, that defendant caused delay from March 4, 1991, until the time of his motion for dismissal and discharge, thus tolling the running of the time period of section 103—5(a) of the Code before the 120 days had elapsed.

We need not decide whether the State's second contention has been waived because, in any event, it has no merit. "Delay will not *** be presumed to be attributable to the defendant on *** a silent record." (*People v. Reimolds* (1982), 92 Ill. 2d 101, 106, 440 N.E.2d 872, 875.) Furthermore, even if the record was ambiguous as to which party was guilty of delay because of the lack of a trial being held on March 4, 1991, on review, the ambiguity should be resolved in such a way as to support the decision of the circuit court. *Reimolds,* 92 Ill. 2d at 107, 440 N.E.2d at 875.

The case of *Martin*, upon which the State relies in support of its major contention, concerns the operation of section 103—5(b) of the Code (Ill. Rev. Stat. 1989, ch. 38, par. 103—5(b)), rather than section 103—5(a), which is involved here. Section 103—5(b) of the Code states that persons "on bail or recognizance shall be tried *** within 160 days from the date defendant demands trial unless delay is occasioned by the defendant." (Ill. Rev. Stat. 1989, ch. 38, par. 103—5(b).) There, a defendant who, while on bail, had made a demand for trial failed to appear upon the trial date set after his demand. More than 160 days after the demand and before a trial had been held, the defendant moved for a dismissal and discharge, which was allowed by the trial court. On appeal, the appellate court concluded the running of the 160-day period had been tolled from the time the defendant failed to appear for trial until the next reasonable time for the trial to be held. Thus, the 160-day period was tolled for a sufficient time so that it had not run when the request to discharge was made. The appellate court reversed. See also *People v. Dotson* (1988), 173 Ill. App. 3d 541, 527 N.E.2d 881.

We cannot agree that the situation under section 103—5(b) of the Code in *Martin* and *Dotson* is analogous to the situation under section

103—5(a) of the Code here. By the very wording of section 103—5(b), the 160-day period begins to run upon the filing of a demand for trial. A failure to appear for a subsequently set trial creates delay *during the time the statutory period is running*. The wording of section 103—5(a) of the Code makes clear that the 120-day limitation period described there extends "from the date [the defendant] was taken into custody." (Ill. Rev. Stat. 1989, ch. 38, par. 103—5(a).) Thus, here, the failure of the defendant to appear for trial occurred *before* the statutory period began to run. The difficulties of bringing defendant to trial within 120 days of his incarceration in Vermilion County on November 28, 1990, were not increased by his earlier failure to appear.

The circuit court and the defense both rely upon the case of *People v. Hatch* (1982), 110 Ill. App. 3d 531, 442 N.E.2d 655, as bearing upon the decision to be made here. There, a defendant had been arrested in Du Page County and released on bond that day with his arraignment set for November 7, 1980. That defendant failed to appear for the arraignment. Subsequently, that defendant was arrested in Kane County, temporarily returned to Du Page County on December 12, 1980, and then sent back to Kane County to be held for charges pending there. On January 23, 1981, that defendant was sent back to Du Page County and began an incarceration there. The appellate court held that defendant was not in custody within the meaning of section 103—5(a) of the Act until January 23, 1981, at which time no further obstacle existed to keep the State from trying him in Du Page County. Our determination that the instant defendant's custody started on November 28, 1990, and that the 120-day period began to run then is consistent with the decision in *Hatch*.

We carry no torch for defendants in criminal cases who fail to appear on dates set for trial. Various appropriate sanctions are available. However, we cannot determine that an inexcusable failure to appear for such a setting delays the trial of a defendant after that defendant has subsequently been taken into custody. The circuit court properly allowed the defendant's motion to dismiss and for discharge.

We affirm.

Affirmed.

COOK and LUND, JJ., concur.