THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
GREGORY J. TURLEY, Defendant-Appellant.

Fifth District   No. 5—91—0338

Opinion filed October 15, 1992.

Daniel M. Kirwan and Robert S. Burke, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Jon C. Anderson, State's Attorney, of Robinson (Norbert J. Goetten, Stephen E. Norris, and Debra A. Buchman, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE RARICK delivered the opinion of the court:

On May 29, 1990, defendant, Gregory Turley, was charged in the circuit court of Crawford County with theft, kidnapping, and seven counts of aggravated criminal sexual assault. On May 30, 1990, the public defender was appointed to defend him. On June 15, 1990, the public defender withdrew as counsel. Fred Johnson was appointed to represent Turley but withdrew on June 20, 1990. On June 22, 1990, Mike Darnold was appointed but withdrew three days later because of a conflict. Edward Kirkwood was then appointed to represent Turley.

On July 27, 1990, defendant sought a change of place of trial, but the motion was denied on August 3, 1990. On August 16, 1990, defendant sought a substitution of judge, and that motion was granted on August 29, 1990. Defendant also filed a motion to suppress statements on August 16, 1990, but the motion was withdrawn when it came up for hearing on September 14, 1990. At that hearing the parties were asked for their determination of where the case was within the speedy trial framework. The parties agreed that 45 days of delay were attributable to defendant.

On October 5, 1990, the defendant moved for discovery sanctions but withdrew the motion at the pretrial hearing on October 23, 1990. The State indicated that it needed an additional 30 days to prepare for trial. Defendant also indicated the need for more time, and the trial was continued to December 3, 1990, and a pretrial hearing was set for November 27, 1990. On November 27, 1990, defendant requested and was granted a continuance.

On December 24, 1990, Turley filed a *pro se* motion seeking either new counsel or a waiver of his right to counsel, and to have the charges dismissed based on the speedy trial statute. Attorney Kirkwood sought to withdraw as counsel, and a hearing was held on February 15, 1991. The hearing was reset for February 22, 1991. Turley's *pro se* motions were denied. Trial was held on March 11, 1991, and Turley was found guilty on all counts. The trial court vacated four of the seven convictions of aggravated criminal sexual assault and sen-

tenced defendant to consecutive terms totaling 115 years' imprisonment.

On appeal, Turley argues that he was denied his right to a speedy trial pursuant to section 103—5 of the Code of Criminal Procedure of 1963, which provides that every person in custody for an alleged offense must be brought to trial within 120 days of the date he was taken into custody, unless the delay is occasioned by the defendant. (Ill. Rev. Stat. 1991, ch. 38, par. 103—5(a).) Defendant maintains that he was in custody for 136 days, not counting delays attributable to him.

Initially, we note that defendant failed to include this issue in his post-trial motion. Our supreme court has held that to preserve an issue for appeal, defendant must make both a timely objection at trial *and* specifically raise the issue in a post-trial motion. Failure to do both results in a waiver of that issue on appeal. (*People v. Enoch* (1988), 122 Ill. 2d 176, 522 N.E.2d 1124.) Having failed to specifically raise this issue in his post-trial motion, it is waived.

Even if not waived, a review of the record demonstrates that defendant was not denied his right to a speedy trial.

Defendant was taken into custody on May 29, 1990. Absent any delays occasioned by defendant, the speedy trial term would have expired on September 27, 1990. Defendant concedes that the 29-day delay resulting from his August 16, 1990, motion for substitution of judge was properly attributable to him, and that his October 23 and November 27 motions for continuance delayed the expiration of the speedy trial term until February 22, 1991. He argues that the delay resulting from the withdrawal of his first three attorneys and his motion for a change of place of trial should not be attributed to him. He also argues that the trial court erred in ordering, *sua sponte*, on February 22, 1991, that the speedy trial term would toll until March 11, 1991.

Where delay occasioned by defendant occurs within 21 days of the statutory speedy trial limit, the trial court may, upon application of the State, continue the case for up to 21 days beyond the 120-day limit. (Ill. Rev. Stat. 1991, ch. 38, par. 103—5(f).) Defendant concedes that when he sought a continuance on October 23, 1990, less than 21 days remained of the speedy trial limit. He argues, however, that because the State did not seek to have the case continued, the trial court was without authority to do so. Reviewing the record, we find that, contrary to defendant's assertion, the trial court did not toll the running of the speedy trial term pursuant to section 103—5(f), but rather ruled that the delay resulting from defendant's November 27,

1990, motion to continue was attributable to defendant and that the length of the delay would run from the time of the filing of defendant's motion until the case could be placed back on the jury setting, which was March 11, 1991.

■ Reviewing the record, we find that defendant was brought to trial within the statutory 120-day speedy trial limit. Defendant was taken into custody on May 29, 1990. On June 15, 1990, the public defender withdrew, and new counsel, Fred Johnson, was appointed that same day. Attorney Johnson subsequently withdrew on June 20, 1990, because of prior commitments. On June 22, 1990, Attorney Mike Darnold was appointed but withdrew on June 25, 1990, because of a conflict. Attorney Edward Kirkwood was appointed to represent defendant. No actual delay resulted from the appointments of attorneys Johnson and Kirkwood, and we find that any delay resulting from the substitution of attorney Darnold for attorney Johnson should not be attributed to the defendant as attorney Darnold withdrew on his own initiative and not at the request of the defendant. Between the date of defendant's arrest and June 30, 1990, 32 days of the speedy trial term expired.

On July 27, 1990, defendant filed a motion for change of place of trial, which was argued and denied on August 3, 1990. Defendant argues that the delay resulting from this motion should not be charged to him because the motion was short and simple, no evidence was presented at the hearing on the motion, and no actual delay occurred. The State argues that it was required to prepare a response which included three affidavits. Delays resulting from motions for change of place of trial are properly charged to the defendant. (*People v. Holliday* (1983), 115 Ill. App. 3d 141, 450 N.E.2d 355, citing *People v. Ortiz* (1979), 70 Ill. App. 3d 684, 388 N.E.2d 891; *People v. Ellis* (1972), 4 Ill. App. 3d 585, 281 N.E.2d 405.) As of July 27, 1990, 59 days of the speedy trial term had expired.

On August 16, 1990, defendant filed a motion for substitution of judge. A new judge was assigned to the case, and it was set for the next available trial date which was September 14, 1990. This resulted in a 29-day delay which the defendant concedes is attributable to him. (*People v. Grant* (1977), 68 Ill. 2d 1, 368 N.E.2d 909, citing *People v. Zuniga* (1973), 53 Ill. 2d 550, 293 N.E.2d 595; *People v. Grayson* (1988), 165 Ill. App. 3d 1038, 520 N.E.2d 901.) As of August 16, 1990, 72 days of the speedy trial term had expired.

On October 9, 1990, defendant filed a motion to suppress evidence and a hearing on the motion was scheduled for October 23, 1990. The delay resulting from the motion is properly attributable to defendant.

(*People v. Donalson* (1976), 64 Ill. 2d 536, 356 N.E.2d 776; *People v. McCoy* (1987), 155 Ill. App. 3d 725, 508 N.E.2d 739; *People v. Boyd* (1980), 88 Ill. App. 3d 825, 410 N.E.2d 931; *People v. DeCarlis* (1980), 88 Ill. App. 3d 634, 410 N.E.2d 677.) As of October 9, 1990, 97 days of the speedy trial term had expired. On October 23, 1990, defendant withdrew his motion and requested a continuance. The continuance was granted, and the trial was set for December 5, 1990. Twenty-three days of the speedy trial term still remained.

On November 27, 1990, defendant requested the trial court to order an examination to determine whether there was a *bona fide* doubt as to his fitness to stand trial, and he requested the case be continued until an expert could examine him and render an opinion. Defendant's motions were granted. The case was rescheduled for February 22, 1991, at which time the trial court ruled that there was no *bona fide* doubt as to defendant's fitness to stand trial. Defendant concedes that the delay from October 23, 1990, to February 22, 1991, was attributable to him. *People v. Siglar* (1971), 49 Ill. 2d 491, 274 N.E.2d 65; *People v. Martin* (1989), 185 Ill. App. 3d 547, 542 N.E.2d 27; *People v. Bivins* (1981), 97 Ill. App. 3d 386, 422 N.E.2d 1044 (delay resulting from defendant's request for continuance); *People v. Clark* (1986), 148 Ill. App. 3d 669, 499 N.E.2d 701, citing *People v. Sonntag* (1984), 128 Ill. App. 3d 548, 470 N.E.2d 631 (delay resulting from petition for fitness examination attributable to defendant).

At the February 22, 1991, hearing, trial was set for March 11, 1991. The trial court ruled that the delay attributable to defendant resulting from his November 17, 1990, motion for a continuance would run until March 11, 1991. Defendant argues that the trial court erred in ruling that the delay from February 22, 1991, to March 11, 1991, was attributable to him. Assuming, *arguendo*, that the trial court did err in attributing that portion of the delay to defendant, as of February 22, 1991, 23 days of the speedy trial term remained. Only 17 days elapsed between February 22, 1991, and March 11, 1991. Any error was harmless as defendant was still brought to trial within the speedy trial term.

Defendant also maintains that he was denied his constitutional right to conduct his own defense and that the trial court did not properly admonish him pursuant to Supreme Court Rule 401 (134 Ill. 2d R. 401). Again, we find this issue to be waived because it was not included in a written post-trial motion. Again, we find that were we to consider the merits of defendant's argument, we would reject it. Defendant filed a *pro se* motion to waive court-appointed counsel. Reviewing the transcript of the hearing on defendant's motion, we find

that defendant wished to proceed *pro se* only if the trial court declined to appoint a different attorney to represent him, and then only if certain conditions could be met, namely access to a typewriter, a law library and a telephone. During the hearing, the following exchange took place:

> "THE COURT: The question that I initially have to determine is whether or not at this point in time, do you want to have a Court-appointed attorney, or whether you're asking to represent yourself, what we call legally, pro se?

> MR. TURLEY: I'm not an attorney at all. I say, I don't know that much about the system, but I've come to realize that what's going on, to my knowledge, it don't seem like it's being handled like it should be handled. \*\*\* If I have to do it myself, I guess I'll have to do it myself. That's the only way I can approach it. I don't want to, no. I do need help \*\*\*.

> THE COURT: Well, the Court—what I'm hearing you say is that you want to have Court-appointed counsel; is that correct?

> MR. TURLEY: Yes, I do need that \*\*\*.

> THE COURT: As a Defendant, you have a right to have Court-appointed counsel, and you have a right to have your own counsel, if you wish to have someone—if you wish to hire someone—to have a particular attorney. But, once the Court appoints an attorney, unless there are specific allegations which the Court finds render his representation to be incompetent, ineffective, the Court basically leaves you with that Court-appointed counsel."

The court thereupon ruled that defendant's counsel had not been ineffective and declined to dismiss defendant's counsel and gave defendant the option to either continue with his present counsel or proceed *pro se*. Defendant responded that unless the conditions he requested were met, he could not effectively represent himself. Upon being informed that some of his conditions could not be met and that being incarcerated would drastically limit his ability to prepare his case, defendant stated:

> "With these limitations, I don't see how I could properly defend myself, so I'll have to resort to Mr. Kirkwood's help."

The trial court again informed defendant that he had the right to represent himself, but defendant indicated that he could not represent himself if his conditions were not met. The trial court inquired as to whether defendant wished to proceed with his present counsel, and defendant responded that he did not have much of an alternative. The court then inquired of defense counsel if he was prepared to go for-

ward on several *pro se* motions defendant had filed. When defense counsel indicated that he would need a week to prepare, defendant stated that he wanted to proceed *pro se*.

The court then stated:

"I'm offering you a Court-appointed attorney in this matter, and at this point you have a right to have an attorney. If you can't afford one, I have appointed an attorney, but you do not have a right to dictate who that attorney is going to be, unless he does not effectively and competently represent you. I'm, unfortunately, in the position I make that decision as to whether he is or he isn't. At this point, I have made the decision that he's representing you effectively and competently, and that's who's being appointed to represent you. You certainly have a right to represent yourself. But, that's why I'm going through all this, if you're going to do so, under some very bad limitations. I'm trying to talk you out of it is what I'm trying to do."

After explaining some of the difficulties he would encounter in presenting of witnesses and evidence and providing jury instructions, the trial court inquired whether defendant wished to proceed *pro se*:

"THE COURT: Knowing all that, do you want to proceed representing yourself in this matter?

MR. TURLEY: Well, my hands are tied, Your Honor. I'm going to have to—I have to have somebody. I have to have some help if I can't do it myself, but it sure don't seem right to me, but I guess it is. I guess that's the way it goes.

THE COURT: I heard what you said, but I'm not sure I understand. What is it you're saying?

MR. TURLEY: Yes, I'll keep Mr. Kirkwood, because I don't have any other choice, because I can't—with the limitations I have, you're correct, there's no way I can adequately do it, without some instruction from you.

THE COURT: Well, the Court cannot instruct you or help you or assist you in any way. That's why we have someone who is Court-appointed to do that. Do you understand that:

MR. TURLEY: Yes, I do, Your Honor.

THE COURT: So, at this point in time, do you want to represent yourself, or do you want Mr. Kirkwood to represent you?

MR. TURLEY: Well, I'll have to—

THE COURT: Pardon?

MR. TURLEY: I'll have to use Mr. Kirkwood.

THE COURT: You're positive? I only say that because I just went through that a minute ago, and then when we started into it, you backed up on me.

MR. TURLEY: Your Honor, you've made it quite clear there's no other way of getting around it, so—

THE COURT: Okay, so Mr. Kirkwood is going to represent you in this matter?

MR. TURLEY: Yes, he is."

■ The record clearly demonstrates that defendant did not waive counsel, and therefore Rule 401 admonishments were not necessary. After being informed of the difficulty of self-representation and that his conditions for self-representation could not be met, defendant freely, albeit reluctantly, chose to proceed with appointed counsel. Although defendant would have preferred a different attorney, his right to counsel did not entitle him to appointed counsel of choice (*People v. Lewis* (1988), 165 Ill. App. 3d 97, 518 N.E.2d 741), and the special provisions he requested in order to represent himself were privileges not available to inmates. The trial court did not deny defendant the right to represent himself, it merely presented him with his available options and advised him of the ramifications of proceeding *pro se*. Having made his choice, defendant cannot now be heard to complain.

■ Defendant contends that he was denied effective assistance of counsel in that trial counsel failed to present a second motion for discharge prior to trial and failed to properly preserve the speedy trial issue for review. Having previously determined that defendant was brought to trial within the speedy trial term, we need not address this issue.

For the foregoing reasons, the judgment of the circuit court of Crawford County is affirmed.

Affirmed.

GOLDENHERSH, P.J., and CHAPMAN, J., concur.